UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LEE EVANS DUNIGAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:20CV410-PPS/JEM |
| UNITED STATES, | |
| Defendant. | |

OPINION AND ORDER

Lee Evans Dunigan, a prisoner proceeding without a lawyer, filed a complaint. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Dunigan alleges that U.S. District Judge Theresa L. Springmann committed "perjury" when she dismissed his complaint in *Dunigan v. Tippecanoe County Sheriff's Office*, No. 4:20CV32-TLS/JPK (N.D. Ind. closed July 16, 2020.) Specifically, Dunigan believes she misconstrued the allegations in his complaint regarding the handling of his mail at the Tippecanoe County Jail. Public records reflect that he is appealing the judgment in that case.[1] *Id.*, ECF 23.

In the present case, he appears to be trying to initiate federal criminal charges against Judge Springmann. He has no authority to do so as a private citizen. *United*

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647-48 (7th Cir. 2018).

*States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General." (citation and internal quotation marks omitted)). To the extent he is suing Judge Springmann for money damages, she is entitled to absolute immunity for her rulings in the prior case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). There is an exception to the absolute immunity doctrine where the judge acts "in the absence of all jurisdiction," *Polzin*, 636 F.3d at 838, but Mr. Dunigan does not allege, nor is there any basis in the complaint or the public record to conclude, that Judge Springmann acted "in the absence of all jurisdiction" by dismissing a civil rights case that was assigned to her. If she committed errors in that case, Mr. Dunigan's remedy is through an appeal, not a suit for damages. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Likewise, any claim he is asserting against the United States is barred by sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). In short, the complaint does not contain a plausible constitutional claim against a viable defendant.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, the court finds no basis to conclude that, if given another opportunity, Mr. Dunigan could state a viable federal claim, consistent with the allegations he has already made.

ACCORDINGLY, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A; and

(2) DIRECTS the clerk to close this case.

SO ORDERED on November 19, 2020.

                                                  /s/ Philip P. Simon
                                                 JUDGE
                                                 UNITED STATES DISTRICT COURT